## In re EADES.

(Circuit Court of Appeals, Seventh Circuit. November 14, 1905.)

No. 1,197.

1. BANKRUPTCY—DISCHARGE—BURDEN OF PROOF TO SUSTAIN OBJECTIONS.

Under Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], it is the duty of the court to grant a bankrupt his discharge, unless his commission of one of the offenses therein specified is established by due proof; the burden of proof resting on the objector.

**2.** SAME—SUFFICIENCY OF EVIDENCE—CONCEALMENT OF BOOKS.

    A specification of objection to a bankrupt's discharge that he concealed certain books of account mentioned in his schedules, with intent to conceal his financial condition, is not sustained, where is appears from the bankrupt's testimony, which was uncontradicted, that he left the books in his office subject to the control of the trustee, and also that they were not material to the ascertainment of his financial condition, and their concealment could not benefit him; no fact appearing to discredit his testimony, although in fact the books did not come into the actual possession of the trustee.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Robt. F. Kolb, for appellant.

Walter F. Hienemann, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM. The bankrupt appeals from an order of the District Court which denies his application for a discharge. On this application and specifications of objection, the hearing was referred to Referee Wean, as special master, who reported the testimony, with his conclusions that the specifications are not sustained by the evidence and should be overruled and discharge granted. The report states that four of the eight specifications, Nos. 2, 3, 4, and 5, were waived by counsel for the objector; that no proof was offered under No. 8, and the evidence under No. 7 was "clearly insufficient." Specifications 1 and 6 are the only objections discussed in the report or in the argument on appeal. No. 1 charges concealment of books of account "with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy," upon which the master finds no evidence "which convincingly shows fraudulent intent or contemplation of bankruptcy in the failure to produce" certain books, and that it does "not appear from the evidence that it was within the power of the bankrupt to produce them, or that he concealed them." No. 6 charges concealment from the trustee of stock in a corporation of the par value of $50,000, which the report states was expressly scheduled by the bankrupt with remark that it was not issued; and that the evidence shows the stock was valueless, and no certificates therefor came to the possession of the bankrupt. The trustee filed exceptions to these conclusions, and on hearing the District Court appears to have sustained the exceptions and disapproved the report, without further proof, and entered the order from which this appeal is brought.

The conclusions of the master rest upon the undisputed testimony of the bankrupt, and, without both rejection of that testimony as unworthy of credit and unwarrantable assumption of facts not in evidence, we are of opinion that no conclusions are authorized which sustain the objections. Under section 14 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), the bankrupt is entitled to a discharge, on due application, unless guilty of one of the offenses there specified, and the objector has the burden of proof upon such issue. The question whether the grounds for denying a discharge are wisely so limited cannot enter into consideration when an

issue is raised, and the terms of the act are plain that the application is deniable only upon due proof of commission of one of these enumerated offenses. That the charge of concealing the stock is unsupported and untenable under the evidence admits of no doubt. The charge of concealing certain account books (which are expressly mentioned in the bankrupt's schedules) rests alone upon the fact that they have not come to the actual possession of the trustee and the testimony of the bankrupt, explaining the circumstances under which these books were left by him in the office vault. If true, this testimony shows: That the bankrupt is not chargeable for their disappearance, after so leaving them subject to the control of the trustee; that he did not conceal them; that they were not material for ascertaining his financial condition, or other purpose, and their concealment could not benefit him. The master, who heard the examination, reports in favor of its credibility, and no just ground appears to discredit the testimony or disapprove the master's finding.

We are satisfied, therefore, that error is well assigned upon the ruling of the District Court sustaining the objections, and the order thereupon is reversed, with direction to grant the discharge.